## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **TAMARA GARRETT HALL** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **Civil action no. _____** |
| | § | |
| | § | **(Jury Trial Demanded)** |
| **MEDICREDIT, INC.** | § | |
| | § | |
| **Defendant** | § | |
| | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Comes now, Tamara Garrett Hall, the Plaintiff, and complaining of MediCredit, Inc., the Defendant, files this her Plaintiff's Original Complaint and would respectfully show as follows:

### NATURE OF THE ACTION AND JURISDICTION

1.      This lawsuit alleges violations of Title VII of the Civil Rights Act of 1964, as amended, and Chapter 21 of the Texas Labor Code based upon sexual harassment discrimination and retaliation.

2.      Jurisdiction is vested in this Court pursuant to 28 U.S.C. §§1331 and 1343. In addition, it has ancillary and pendent jurisdiction over the claims brought under Chapter 21 of the Texas Labor Code.

### CONDITIONS PRECEDENT

3.      Plaintiff would show that all conditions precedent have been satisfied in bringing this lawsuit. Plaintiff timely filed her Charge of Discrimination with The Equal Employment

1

Opportunity Commission. She received her "right to sue" letter on or about November 23, 2019 and files this lawsuit within ninety days of her receipt of the letter.

## THE PARTIES

4.      The Plaintiff Tamara Garrett Hall (Garrett Hall) is an individual and resides in Harris County, Texas.

5.      The Defendant MediCredit is a Missouri Corporation and may be served by and through its registered agent for service of process CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## FACTUAL BACKGROUND

6.      On or about April 29, 2019, Garrett Hall began her employment with MediCredit as a Collection Specialist. She came to MediCredit having previously worked for years in medical billing collections and thus has the knowledge of how collections of medical accounts receivable work.

7.      For most of her short tenure in this position, she received excellent marks on her collection work, as evidence by the two certificates she received from MediCredit for June and July of 2019 for exceeding her goals. At one point, her supervisor, Alonzo Nicholas (Nicholas) even told Garrett Hall to keep doing exactly what she is doing. She made "valuable contributions" to MediCredit as stated in the certificates.

8.      Unfortunately, beginning only a month into her position with MediCredit, Nicholas began touching Garrett Hall several times in manners that made her uncomfortable. On or about May 25, 2019, Nicholas placed his hand on her back during an interaction. She immediately emailed Nicholas to inform him that the touching was unwelcome—he apologized.

9.    But Nicholas did not stop touching her. On or about June 21, 2019 Nicholas again touched Garrett Hall in the same manner, by placing his fingers on her back. She promptly emailed Nicholas asking him for the second time not to touch her.

10.   Finally, on or about July 3rd, Nicholas brushed the side of his body against that of Garrett Hall. After this third instance of touching, she reported her experience to Christy Taylor (Taylor) the manager of the Human Resources Department.

11.   Ms. Taylor promised Garrett Hall that she would not face retaliation for reporting the instances of harassment to MediCredit. But that was apparently a false statement. After lodging her complaints about Nicholas' touching her, Garrett Hall immediately began experiencing retaliation from MediCredit. This retaliation began by MediCredit monitoring her collection phone calls to try and see if she was following company rules regarding the handling of calls.

12.   On or about July 8th,—just five days after having reported the unwelcome touching— Nicholas monitored and failed three of Garrett Halls' phone calls that he had "cherry picked". Soon thereafter, three additional calls were failed and two written warnings ("write-ups") were issued to Garrett Hall. These failed calls and punitive write ups stand in stark contrast to the recognition that she had received on her collection activities prior to her interaction with Nicholas and reporting such touching to the Human Resources Department.

13.   In the face of this retaliation from MediCredit and receiving no aid from the Human Resources Department, Garrett Hall filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") alleging sexual harassment and retaliation. MediCredit received a copy of the Charge and responded to it. However, *after* the filing the charge, MediCredit terminated Garrett Halls' employment while the EEOC investigation was underway and still pending.

3

## CAUSES OF ACTION

### Sexual Harassment under Title VII and the Texas Labor Code

14.     At all relevant times during her employment with MediCredit, Garrett Hall was subjected to unwanted and unwelcome physical touching and duly reported it to MediCredit's Human Resources Department. Despite expressing her concerns to MediCredit about suffering retaliation due to her reporting the unwanted touching, MediCredit assured Garrett Hall that she would not suffer any retaliation or other adverse employment action.

15.     Sexual harassment in the workplace is made unlawful by the Civil Rights Act of 1964 (Title VII) 42 U.S.C. § 2000e-2(a)(1) and Tex. Lab. Code § 21.001(1).  Garrett Hall had to incur Nicholas' constant unwanted touching of her body despite her telling him not to do so and after reporting it to the Human Resources Department at MediCredit.

16.     Plaintiff Hall experienced harassment sufficiently severe to alter the conditions of her employment because—as a private person—being repeatedly touched without her consent created a distressing working atmosphere.

### Retaliation under Title VII and The Texas Labor Code

17.     After reporting the sexual harassment to MediCredit's Human Resources department, Garrett Hall was subjected to constant, pervasive, and indefensible retaliation culminating in the termination of her employment.

18.     She filed her Charge of Discrimination with the EEOC complaining of same. A copy of the Charge was forwarded to the Texas Workforce Commission-Civil Rights Division. After having received a copy of the Charge and tendering its "response" to the EEOC proclaiming its innocence, MediCredit nevertheless abruptly terminated Garrett Hall from employment.

19.     Garrett Hall can establish a claim for retaliation by demonstrating:

4

- She engaged in an activity protected by Title VII and the Texas Labor Code;

- That an adverse employment action occurred; and

- That a causal link exists between the protected activity and the adverse employment action. 42 U.S.C. § 2000e-3(a); *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 269 (2001); Tex. Lab. Code § 21.055.

20.     Garrett Hall engaged in a protected activity by opposing practices made unlawful by Title VII and Chapter 21 of the Texas Labor Code. She reported the unwanted touching to the appropriate personnel at defendant hoping it would cease. But it didn't, and she thereafter suffered serious retaliation. The retaliation began as a campaign to select a small sample of phone calls and repeatedly give them failing scores, and ended with defendant firing Garrett Hall.

21.     Prior to reporting the harassment, Hall received phenomenal scores on her calls and was recognized by MediCredit for exceeding her goals. Ultimately, MediCredit terminated Hall—the most severe form of retaliation. This form of retaliation was so blatant—it occurred after MediCredit had actual knowledge of Garrett Halls' pending EEOC Charge of Discrimination—that it belies all logic and reason. There is a clear causal link between reporting the harassment and Hall's failing phone scores and termination because of the stark contrast between her pre-reporting scores and her subsequent scores.

22.     Thus, Garrett Hall sues MediCredit for retaliation in violation of 42 U.S.C.§2000e-3 and Chapter 21.055 of the Texas Labor Code.

## DAMAGES

23.     Garrett Hall has suffered the ultimate tangible employment action by being wrongfully fired. She seeks damages under 42 U.S.C.§2000e-5 and Chapter 21.2585 of the Texas Labor Code for compensatory and punitive damages. In addition, she seeks recovery of her attorneys' fees and

5

expenses under 42 U.S.C.§2000e-5 and Chapter 21.259 of the Texas Labor Code, as well as non-compensatory damages in accordance with federal and state statutes. She also seeks punitive damages because the defendant acted with malice or reckless indifference to the protected rights of Garrett Hall.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Tamara Garrett Hall prays the Defendant MediCredit, Inc. be cited to appear and answer herein and that, upon trial, she have judgment from and against the Defendant for her actual and compensatory damages, non-compensatory damages, punitive damages and her attorneys' fees and expenses. Plaintiff further prays for any other remedy in law or in equity to which she may show herself to be justly entitled.

Respectfully submitted,

*/s/ R. Tate Young*
**R. TATE YOUNG**
*Tate Young Law Firm*
SBN: 22207100
5005 Woodway Drive
Suite 201
Houston, Texas 77056
Telephone: (713) 626-7112
Facsimile: (713) 626-7113
E-mail: tyoung@tateyounglawfirm.com

*Attorney for Plaintiff*